Brown et ux. v. Williamson et al.

*Simon Pearl*, for complainants.

*Harry A. Rutenberg*, for James A. Williamson, Madeline C. Williamson and Mary Smith Brown, voluntary trustee for Elsie C. Brown, a minor.

*C. Brewster Rhoads*, for Elsie C. Brown, a minor.

DAVIS, J., April 11, 1930.—The complainants, Frederick H. Brown and Mary Smith Brown, his wife, were owners of the real estate described in the bill of complaint. Frederick H. Brown was a traveling man, and in order to protect the interests of his daughter, he and his wife decided to create a trust in favor of the daughter, Elsie C. Brown, a minor. It was not their intention to create an irrevocable trust. They consulted a real estate broker, who assured them that the deed was revocable. Subsequently, Mr. Brown having ceased to travel, it was the desire of the complainants, in which the daughter joined, to have the deed of trust revoked. It was then they learned there was no revocable clause in the deed; hence the bill in equity. We have set forth fully in our findings of fact and conclusions of law our reasons for granting the relief prayed for.

*Findings of fact.*

1. On Aug. 24, 1922, the complainants became seized as tenants by the entireties, in fee, by indenture bearing date Aug. 24, 1922, and recorded in the office for the recording of deeds in and for the County of Philadelphia, in Deed Book J. M. H., No. 1380, at page 88, &c., of "All that certain lot or piece of ground, with the buildings and improvements thereon erected, situate in the 46th Ward of the City of Philadelphia, on the southwest side of Forty-fifth Street (1012), at the distance of 183 feet northwest from the northwest side of Chester Avenue, containing in front on Forty-fifth Street 25 feet, and extending of that width in depth southwest between lines at right angles with Forty-fifth Street 161 feet 4 inches."

2. In August, 1926, the complainants consulted one Raymond A. Collins, a real estate broker in the City and County of Philadelphia, and advised the aforesaid Raymond A. Collins that because of the hazards and risks of the employment in which Frederick H. Brown, one of the complainants, was then engaged, both complainants desired a trust to be created, wherein Mary Smith Brown, one of the complainants, should hold the said real estate in trust for their only daughter, Elsie C. Brown, who then was and now is a minor and the only child of the complainants.

3. In August, 1926, the complainants advised the said Raymond A. Collins, who acted as conveyancer for them, that it was their intention and desire that they might be able to obtain the reconveyance of the aforesaid real estate at

their own will, and expressly advised him of their intention and desire not to create any irrevocable trust.

4. In reliance upon the verbal and written assurance of the said Raymond A. Collins that the trust created would be revocable at the will of the grantors, the complainants made a conveyance of the aforesaid real estate by indenture bearing date Aug. 18, 1926, and recorded in the office for the recording of deeds in and for the County of Philadelphia, in Deed Book J. M. H., No. 2399, page 335, &c., to James A. Williamson.

5. Said James A. Williamson merely acted as straw party and as a conduit for the transfer of title from the complainants to Mary Smith Brown, trustee for Elsie C. Brown.

6. By letter dated Aug. 12, 1926, said Raymond A. Collins, who acted as conveyancer for the parties, advised the complainant, Frederick H. Brown, that in the event Mary Smith Brown, one of the complainants, should at any time desire to use the power of revocation contained in the trust deed, the title would revert to her.

7. Complainants would not have executed the deed to James A. Williamson, nor procured the trust deed to be executed, had they believed or been of the opinion that the conveyance was irrevocable.

8. Upon the advice of their conveyancer aforesaid, complainants procured a conveyance of the premises to be made by James A. Williamson and Madeline C. Williamson, his wife, on Aug. 19, 1926, by deed recorded in the office for the recording of deeds in and for the County of Philadelphia, in Deed Book J. M. H., No. 2433, page 33, &c., to Mary Smith Brown, voluntary trustee for Elsie C. Brown, a minor.

9. Said deed and trust conveyance was purely voluntary and without consideration from any source whatsoever.

10. At the time of the execution of the trust conveyance, complainants had no desire, reason or motive for placing the said real estate in any irrevocable trust.

11. Complainants did not see the deed conveying the premises from James A. Williamson and Madeline C. Williamson, his wife, to Mary Smith Brown, voluntary trustee for Elsie C. Brown, a minor, until about a year subsequent to the recording thereof, the same having been recorded by Raymond A. Collins, the conveyancer.

12. Complainants had no legal advice in relation to the creation of the said trust, and believed that the said conveyance which they procured to be made was revocable and could be canceled at the will of the complainants.

13. Complainants never intended to execute any irrevocable deed of trust.

14. Complainants never knew, believed or suspected that the trust deed which they procured to be executed was irrevocable, and did not learn of the same until a considerable period of time thereafter.

15. The trust deed does not represent the complainants' actual or deliberate intent.

16. Complainants were not advised that a deed of trust, without a power of revocation, is *prima facie* irrevocable, nor was it explained to them that the deed should contain a power of revocation if they desired to have the right of cancellation thereof, nor was any explanation of the said deed of trust ever given to the complainants at or prior to the execution thereof.

17. The trust conveyance was procured to be executed on behalf of the complainants under a misapprehension or a mistake of fact of the complainants, and of the conveyancer or scrivener who prepared the said deed.

18. The complainants procured the execution of the said deed of trust without a full knowledge of its nature, effects and consequences.

19. There was no reason, motive, intent or purpose to strip the complainants of the permanent control of their property.

20. Complainants' daughter, Elsie C. Brown, the *cestui que trust* of the said trust, resides with her parents, the complainants, and disclaims any interest or rights in the said real estate, and joins in the prayer of the complainants.

21. There exists no reason or justification for further continuing any trust in the aforesaid real estate.

### Conclusions of law.

1. The complainants are entitled to the relief prayed for.

2. This was a voluntary trust and may be revoked by the settlors.

3. The trust was executed under a mistake of fact, and there never was any actual intention upon the part of the settlors to make the trust irrevocable.

4. The purpose and the motive of the settlement no longer exist. The complainants procured the deed of trust to be executed by James A. Williamson and Madeline C. Williamson, his wife, under a mistake of fact.

5. The evidence establishes a clear intention on the part of the settlors to execute a revocable deed of trust.

6. The deed executed by James A. Williamson and Madeline C. Williamson, his wife, to Mary Smith Brown, voluntary trustee for Elsie C. Brown, a minor, should be canceled.

7. The deed of trust was not executed by the complainants with full knowledge of its effects, nature and consequences.

8. The deed of trust should be revoked and the relief prayed for by complainants should be granted, because there was no intention on their part to make an irrevocable gift, because the whole motive and purpose of the trust was accomplished. The deed contained no power of revocation, as the complainants had no advice as to the necessity to insert a revocable clause. The deed was prepared by a real estate broker and not by a lawyer or one learned in the law.

The prothonotary will notify the parties or their counsel of the filing of the above adjudication, and that unless exceptions thereto be filed within ten days, a decree will be entered in accordance herewith.

### Final decree.

And now, to wit, April 23, 1930, this cause came on to be heard at this term, and thereupon, upon consideration thereof, it is ordered, adjudged and decreed as follows, viz.:

1. That the deed from James A. Williamson and Madeline C. Williamson, his wife, to Mary Smith Brown, voluntary trustee for Elsie C. Brown, dated Aug. 19, 1926, and recorded in the office for the recording of deeds in and for the County of Philadelphia, in Deed Book J. M. H., No. 2433, page 33, &c., conveying all that certain lot or piece of ground, with the buildings and improvements thereon erected, situated in the 46th Ward of the City of Philadelphia, on the southwest side of Forty-fifth Street (No. 1012), at the distance of 183 feet northwest from the northwest side of Chester Avenue, containing in front on Forty-fifth Street 25 feet, and extending of that width in depth southwest between lines at right angles with Forty-fifth Street 161 feet 4 inches, be canceled and decreed void and of no effect.

506

2. Said defendants, James A. Williamson and Madeline C. Williamson, his wife, are directed to execute a reconveyance by fee simple deed, of the real estate aforesaid, to Frederick H. Brown and Mary Smith Brown, his wife, in fee, as tenants by the entireties, free, clear and discharged from any and all trusts whatsoever.

3. The trust purporting to be created by the aforesaid deed is canceled and declared void and of no effect.

4. James A. Williamson and Madeline C. Williamson, his wife, are directed to deliver to Frederick H. Brown and Mary Smith Brown, his wife, in fee simple, as tenants by entireties, an assignment and reconveyance of any and all their right, title and interest in said premises, free and discharged of any and all trusts and to execute any further assignments or documents required for the purpose of carrying into effect this decree.